IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HEATHER SIMONSON,

        Plaintiff,               Civ. No. 04-6229-HA

        v.                      OPINION
                                AND ORDER
JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

        Defendant.

---

Kathryn Tassinari
Robert Baron
Cram, Harder, Wells & Baron, P.C.
474 Willamette, Suite 200
Eugene, Oregon 97401
    Attorneys for Plaintiff

Karin J. Immergut
United States Attorney
Craig J. Casey
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

1 - OPINION AND ORDER

L. Jamala Edwards
Special Assistant United States Attorneys
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104
	Attorneys for Defendant

HAGGERTY, Chief Judge:

Plaintiff brings this action pursuant to § 205(g) of the Social Security Act (SSA or the Act), as amended, 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for supplemental security income (SSI) benefits. For the reasons provided below, the court concludes that the Commissioner's decision is not supported by substantial evidence. The Commissioner's decision is reversed and this case is remanded for further proceedings.

**ADMINISTRATIVE HISTORY**

Plaintiff filed an application for SSI on July 26, 2001, alleging disability as of April 20, 2001. The Commissioner denied plaintiff's application initially and upon reconsideration. On August 21, 2003, a hearing was held before an administrative law judge (ALJ), at which plaintiff and a vocational expert (VE) testified. On October 29, 2003, the ALJ issued a decision finding plaintiff not disabled under the Act and denying her claim for benefits. On June 3, 2004, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. §§ 416.1481, 422.210.

The Commissioner concedes that the ALJ's opinion cannot be upheld and urges the court to remand this case for further administrative proceedings. Plaintiff argues that a finding of disability is compelled. Therefore, the only question before the court is whether to remand for further proceedings or for an award of benefits.

2 - OPINION AND ORDER

## **STANDARDS**

A claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). A person can be disabled for these purposes only if his or her impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

The initial burden of proof rests upon the claimant to establish his or her disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). The Commissioner bears the burden of developing the record. 20 C.F.R. § 416.912(d); *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991). The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for disability benefits. 20 C.F.R. § 416.920; *Quang Van Han v. Bowen,* 882 F.2d 1453, 1456 (9th Cir. 1988). If a determination that the claimant is, or is not, disabled can be made at any step, further review is unnecessary. 20 C.F.R. § 404.1520. Below is a summary of the five steps:

Step One. The Commissioner determines whether the claimant is engaged in substantial gainful activity. If so, the claimant is not disabled. If the claimant is not working in a substantially gainful activity, the Commissioner proceeds to evaluate the claimant's case under step two. 20 C.F.R. § 416.920(a)-(b).

Step Two. The Commissioner determines whether the claimant has a severe mental or physical impairment. If not, the claimant is not disabled. If the claimant has a severe

3 - OPINION AND ORDER

impairment, the Commissioner proceeds to evaluate the claimant's case under step three. 20 C.F.R. § 416.920(c).

Step Three. Disability cannot be based solely on a severe impairment; therefore, the Commissioner next determines whether the claimant's impairment "meets or equals" one of the impairments listed in the SSA regulations. 20 C.F.R. pt.404, subpt.P, app. 1. If so, the claimant is disabled. If the claimant's impairment does not meet or equal one listed in the regulations, the Commissioner's evaluation of the claimant's case proceeds under step four. 20 C.F.R. § 416.920(d).

Step Four. The Commissioner determines whether the claimant is able to perform work he or she has done in the past. This requires the ALJ to examine the claimant's residual functional capacity (RFC) and the physical and mental demands of the claimant's past relevant work. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). If the claimant is able to perform the work, the claimant is not disabled. If the claimant demonstrates, however, that he or she cannot do work performed in the past, the Commissioner's evaluation of the claimant's case proceeds to step five. 20 C.F.R. § 416.920(e).

Step Five. The Commissioner determines whether the claimant is able to do any other work. If not, the claimant is disabled. If the Commissioner finds that the claimant is able to do other work, the Commissioner must show that a significant number of jobs exist in the national economy that the claimant can do. The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines. 20 C.F.R. pt.404, subpt.P, app.2. If the Commissioner demonstrates that a significant number of jobs exist in the national economy that claimant can do, the claimant is not

disabled. If the Commissioner does not meet this burden, the claimant is disabled. 20 C.F.R. § 416.920(f).

The burden of proof is on the claimant as to steps one through four. *Tackett*, 180 F.3d 1094, 1098 (9th Cir. 1999). At step five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett,* 180 F.3d at 1098, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F.3d at 1039. The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld even if the evidence would support either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). Even if the Commissioner's decision is supported by substantial evidence, however, it must be set aside if the proper legal standards were not applied in weighing the evidence and in making the decision. *Id.*

If the Commissioner's decision must be set aside, the decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000); *see also Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). This decision turns on the apparent utility of further

5 - OPINION AND ORDER

proceedings. *See Harman*, 211 F.3d at 1177. The court should remand for further proceedings if the record is not fully developed and it is not clear whether the ALJ would be required to award benefits. *Ghokassian v. Shalala*, 41 F.3d 1300, 1303 (9th Cir. 1994).

**THE ALJ'S DECISION**

Plaintiff was twenty-six years old at the time of the hearing and has completed the ninth grade. At Step One, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date. At Step Two, the ALJ determined that plaintiff had the severe impairment of mild mental retardation. At Step Three, the ALJ found that plaintiff's mild mental retardation does not meet or medically equal one of the listed impairments.

In determining plaintiff's RFC, the ALJ found that plaintiff has no exertional limitations, but that, "as a result of mental retardation," she: is limited to simple one-to-two step tasks that should not change from day to day; should have only limited interaction with the general public; and is precluded from work requiring fast production or quotas. AR 19-20. At Step Four, the ALJ found that plaintiff has no past relevant work.

At Step Five, based on plaintiff's RFC, age, education, and work experience, the ALJ found that plaintiff could be expected to make a vocational adjustment to work that exists in significant numbers in the national economy. This determination was made in reliance on the VE's testimony, who stated that the hypothetical person with plaintiff's RFC as described by the ALJ could work as a sweeper/cleaner, motel cleaner, and laundry worker. Therefore, the ALJ found that plaintiff was not disabled under the Act.

**DISCUSSION**

6 - OPINION AND ORDER

Plaintiff argues that the Commissioner erred by: (1) failing to meet her burden at Step Five of proving that plaintiff retains the RFC to perform "other work" in the national economy; (2) failing to find that plaintiff's mild mental retardation meets or equals Listing 12.05C; and (3) improperly assessing plaintiff's credibility.

The Commissioner concedes that the ALJ erred in evaluating the record, but argues that remand for further administrative proceedings is appropriate to allow the ALJ to further evaluate: (1) evidence from plaintiff's medical providers; (2) plaintiff's impairments at Step Two; (3) whether plaintiff's impairments meet or equal Listing 12.05C; (4) plaintiff's RFC; (5) the lay witness testimony; (6) additional testimony from a VE; and, if necessary, (7) the opinion of an additional medical expert to clarify the nature and severity of plaintiff's impairments.

At the time of the hearing, the medical evidence before the ALJ consisted of the opinions of Dr. Arthur Willey, Dr. Julie Redner, and Dr. Paul Rethinger. The ALJ formulated plaintiff's RFC, as well as the hypothetical questions presented to the VE, based on this evidence. After the hearing, plaintiff submitted a report and opinion by Dr. David Northway as additional evidence supporting her claim of disability. Even though Dr. Northway's report was not before the ALJ, the court may consider it now because the Appeals Council addressed it in the context of denying plaintiff's request for review. AR 6, 9; *see Harman*, 211 F.3d at 1180 (citing *Ramirez v. Shalala*, 8 F.3d 1449 (9th Cir. 1993)).

Dr. Northway's report provides significant information about plaintiff's medical conditions and limitations and generally supports the opinions of Drs. Willey and Redner. Because of this, plaintiff urges this court to find that the ALJ's decision is not supported by substantial evidence and to remand for an award of benefits. Indeed, Dr. Northway's report

7 - OPINION AND ORDER

appears to compel a substantially more limited RFC than that which the ALJ determined based on the record before the ALJ at the time. However, the ALJ, rather than the court, should assess the value and impact of this new evidence. *Harman*, 211 F.3d at 1180.

In light of this and the fact that plaintiff's argument that her medical condition meets or equals Listing 12.05C also relies on Dr. Northway's report, this case must be remanded for further proceedings.

**CONCLUSION**

Pursuant to 42 U.S.C. § 405(g), the decision of the Commissioner is REVERSED and REMANDED for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this __30___ day of June, 2005.

    __/s/Ancer L.Haggerty_____
    ANCER L. HAGGERTY
    United States District Judge